```
UNITED STATES DISTRICT COURT                    USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                   DOCUMENT
------------------------------------------------------------X   ELECTRONICALLY FILED
                                            :                   DOC #:
CESAR ZUNIGA,                               :                   DATE FILED: 1/9/2020
                                            :
                           Petitioner,      :
                                            :   18 Civ. 5717 (LGS)
            -against-                       :
                                            :           ORDER
JAMIE LAMANA,                               :
                                            :
                           Respondent.      :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on June 22, 2018, Petitioner Zuniga field a pro se Petition for Writ of Habeas Corpus. ECF No. 2. On November 5, 2018, Respondent filed a brief in opposition. ECF Nos. 13-14. Pro se Petitioner filed a reply on March 1, 2018. ECF No. 20;

WHEREAS, on April 30, 2019, Petitioner filed a motion for an evidentiary hearing on his Petition. ECF No. 21;

WHEREAS, on June 11, 2019, Petitioner filed a request for the appointment of a Special Master to Conduct an investigation. ECF No. 22;

WHEREAS, on December 3, 2018, an Order was filed referring this matter for assignment to a Magistrate Judge for Habeas Corpus. ECF No. 16;

WHEREAS, on December 23, 2019, Magistrate Judge Cott issued a Report & Recommendation that the Petition should be dismissed in its entirety and the requests for an evidentiary hearing and a special master should also be denied. ECF No. 22 at 32;

WHEREAS, in reviewing a Report & Recommendation, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A district judge is required to "make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition

to which specific written objection has been made" by any party. Fed. R. Civ. P. 72(b). "But, where no timely objection has been made, the district court need only satisfy itself that there is no clear error on the face of the record to accept the R&R." *Barcroft Media, Ltd. v. Fashion in Me Inc.*, 16 Civ. 7574, 2018, WL 4568727, at *1 (S.D.N.Y. July 25, 2018);

WHEREAS, Petitioner raises several arguments that do not satisfy the specificity requirement. Petitioner asserts, without further explanation, that the decision to proceed as a bench trial and the use of an interpreter violated his constitutional right to a fair trial and that he received constitutionally ineffective assistance. ECF No. 26 at 1-2. Petitioner also states in conclusory fashion that there has been a "fundamental miscarriage of justice," that he was "prejudice[d]" and that his right to a speedy trial was violated. *Id*. As these are not "specific written objection(s)" they do not raise the need for *de novo* review. *See* Fed. R. Civ. P 72(b); *George v. Professional Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 434 (S.D.N.Y. 2016) (stating that a "one-sentence objection to the Report's . . . finding lacks the specificity necessary for the Court to review this finding de novo).

WHEREAS, Petitioner raises a specific written objection to the denial of his request for appointment of a Special Master. ECF No. 26 at 2-4. Petitioner's April 30 request for the appointment of a Special Master alleges that Petitioner is the "victim of a criminal conspiracy" to cover-up the misconduct of a court reporter, which caused years of delay in his appeal and the miscarriage of justice. *See* ECF No. 22 at 1-5. However, as the Report & Recommendation correctly notes "[t]hese claims are unsubstantiated" and Petitioner "has presented no evidence that there was a conspiracy to cover up [the court reporter's] misconduct." ECF No. 23 at 23-24. Accordingly, there is no basis for the appointment of a Special Master. It is hereby

**ORDERED** that the Report & Recommendation is ADOPTED IN FULL. The petition is

DISMISSED, the motion for an evidentiary hearing is DENIED and the request for the appointment of a Special Master is DENIED. It is further

**ORDERED** that the Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1)(A), as Petitioner has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Clerk of Court is respectfully directed to mail a copy of this Order to the Petitioner.

Dated: January 9, 2020
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**