March - 16th, 2020

U.S. Courthouse
(S.D.N.Y.)
CHAMBERS
Hon. James L. Cott
(U.S.M.J.)

IN RE: ZUNIGA v. LAMANA
18-CV-5717.

SUBJECT: Why is N.Y. County Appellate Division 1st Dep't and Crim Court Ducking This Mess and Doing every Thing possible to Violate my Const. Rights.

What is this?

Caldwell 11/17/19    Kochinski inside of Documents 2019 Term!

(OAD) Assigned To my 2nd Appeal, Can't find files Again?

Jun 17 12 09:27p    Received:
                    Heather Kochanski

Jun 17 2012 08:28pm
732-640-0414

p.1

```
                                                                    1

    SUPREME COURT OF THE STATE OF NEW YORK
    COUNTY OF NEW YORK - CRIMINAL TERM - PART 32
    ------------------------------------------X
    THE PEOPLE OF THE STATE OF NEW YORK


             -against-                           6546/2006
                                                 41/2007




    CHARLES WELLS,


                                       Defendant
    ------------------------------------------X
                       100 Centre Street
                       New York, New York 10013
                       DECEMBER 17, 2008

    B E F O R E:  HONORABLE GREOGORY CARRO, JSC

    A P P E A R A N C E S:

    For the People:
          CYRUS R. VANCE JR., ESQ.,
          District Attorney, County of New York
          BY: COLLEEN WALSH, ESQ.,
          Assistant District Attorney

    For the Defendant:
    PRO SE
    BY: CHARLES WELLS



                         DANIEL KOCHANSKI,
                         SENIOR COURT REPORTER
```

See Back pg date

After thoroughly reviewing the stenographic notes and disks provided to me belonging to Daniel Kochanski, in the matter of:

<u>People versus Carl Wells</u>, Indictment 6548/06 and 0041/07, I was unable to locate any stenographic notes or completed transcripts for the date of 12/17/08.

*Denise M Huntington* (signature)

Denise M. Huntington, RPR, CSR,
Senior Court Reporter.



8/31/12
Dated

FILED
SEP 17 2012
SUP COURT, APP. DIV
FIRST DEPT.

Denise M. Huntington, RPR, CSR,
Senior Court Reporter

Proceedings                                                    2

1      THE COURT CLERK: 6548 of '06 and 41 of '07,
2  Charles Wells.
3      THE COURT: All right, Mr. Fistel I believe is
4  on vacation.
5      When is he coming back?
6      MS. WALSH: He will be back on the 22nd. He is
7  available from the 22nd to the 24th or after the new
8  year.
9      THE COURT: All right let's pick a date.
10     MR. WELLS: Your Honor, I have lengthy
11 argument. Wednesday is crowded. I'm going to argue
12 suppression.
13     THE COURT: I understand.
14     All right, let's try for January 8th. It's a
15 Thursday.
16     MR. WELLS: That's fine, your Honor, I just --
17 I have to mail my motions in or I have to hand them in
18 in court and I have a motion here and I want to give the
19 Court a courtesy copy and I sent one to the DA's Office,
20 to the administrative judge, and I gave --
21     THE COURT: You sent that to me already.
22     MR. WELLS: No, I didn't mail that one to you.
23     THE COURT: All right.
24     MR. WELLS: This one here is to the
25 administrative judge.

Daniel Kochanski
Senior Court Reporter

# CENTER FOR APPELLATE LITIGATION

74 TRINITY PLACE - 11TH FLOOR, NEW YORK, NY 10006 TEL. (212) 577-2523 FAX 577-2535

March 29, 2012

Motions Attorney
Appeals Bureau
New York County District Attorney's Office
1 Hogan Place
New York, New York 10013

Re: Carl Wells
New York County
Ind. Nos.: 6548/06, 41/07
NYSID #: 059157945

To Whom It May Concern:

On July 14, 2011, this office was assigned by the Appellate Division, First Department, to represent the above mentioned defendant, Carl Wells, on his criminal appeal. In connection with his appeal, we duly requested all records and reports, including the transcripts of all proceedings in the Supreme Court, relating to the above case.

On March 22, 2012, we received the records of Mr. Wells's case, but the minutes of the proceeding on December 17, 2008 were missing. On September 27, 2011, the Court Reporters' Office informed us that they will be unable to comply with our request for the minutes from that date because the Office is unable to locate the stenographic notes and disks of the court reporter who was present for Mr. Wells's hearing on that date (see enclosed).

In light of the likely possibility that no transcripts from December 17, 2008 will be available to our office for use in his pending appeal, we respectfully request that you preserve any documents or notes relating to this case you may have in your possession, in anticipation of future litigation. Should you need to contact me to discuss this matter further, you may reach me at (212) 577-2523, ext. 512.

Thank you for your consideration.

Respectfully,

Claudia Trupp
Supervising Attorney

Encl: Affidavit of Leslie Greaves, Court Reporters' Office

EXHIBIT

# CENTER FOR APPELLATE LITIGATION
74 TRINITY PLACE - 11TH FLOOR, NEW YORK, NY 10006 TEL. (212) 577-2523 FAX 577-2535

*ATTORNEY-IN-CHARGE*
ROBERT S. DEAN
*DEPUTY ATTORNEY-IN-CHARGE*
ELAINE E. FRIEDMAN
*ASSISTANT ATTORNEY-IN-CHARGE*
MARK W. ZENO
*SENIOR SUPERVISING ATTORNEYS*
ABIGAIL EVERETT
BARBARA ZOLOT
*SUPERVISING ATTORNEYS*
DAVID KLEM
CLAUDIA S. TRUPP

*SUPERVISING ATTORNEY*
CLAUDIA S. TRUPP

(212) 577-2523 EXT. 512
ctrupp@cfal.org

April 2, 2012

Mr. Carl Wells
11-A-1747
Attica Correctional Facility
639 Exchange Street
Attica, New York 14011-0149

Dear Mr. Wells:

I am an attorney with the Center for Appellate Litigation and I have been assigned to represent you on your direct appeal. Today, on April 2, 2012, I filed a motion for a reconstruction hearing to reconstruct a portion of the Mapp/Wade/Huntley hearing in your case. Enclosed please find a copy of the motion for your records.

I am writing to explain to you why we moved for a reconstruction hearing. When we received your record, the minutes from the arguments made on December 17, 2008 during the Mapp/Wade/Huntley hearing were missing. Instead, the record contained an affidavit from the Court Reporters' Office, stating that the court reporter responsible for transcribing the minutes of your hearing on December 17, 2008 has not been at work since March 17, 2011 and, as such, the Court Reporters' Office has been unable to obtain the portion of the transcript from that date.

In order to identify any appealable issues in your case, it is important to learn what arguments were made during your hearing on December 17, 2008. For this reason, we filed a motion requesting that the First Department order a reconstruction hearing. If the court grants the motion, we will have a hearing at which you will be present. During the hearing, both the parties will try to "reconstruct" what happened on December 17, 2008, by calling witnesses who were present on that date and relying on any notes or documents from that hearing. There is also the possibility that in response to the motion, the court reporter may produce the minutes.

I will keep you apprised of the status of our motion and of any other new developments related to your appeal. If you have any questions or concerns in the meantime, please do not hesitate to write me.

Very truly yours,
Claudia Trupp

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
DISBURSEMENT OR REFUND REQUEST

CELL LOCATION

NAME: _____ DATE: May 19th, 20 15

CODE TYPE: [ ][ ][ ]    INMATE NUMBER: [1][1][A][1][7][4][7]    "SHORT NAME": [C][W][C][ ]
FIRST INITIAL / FIRST 3 OF LAST NAME

CHECK/ORDER NUMBER: [ ][ ][ ][ ][ ][ ][ ]
RIGHT ADJUSTED WITH LEADING ZEROS

COMMISSARY PRODUCT GROUP: [ ]    AMOUNT $: [ ][ ][ ][ ][6][0]

SENT TO CODE (SEE TABLE B-6): [ ]    ITEM DESCRIPTION: _____

SENT TO OR PURCHASE FROM:
LAST NAME: _____  FIRST NAME: _____  MI: _  SUFF: _
ADDRESS: _____  APT. NO.: _
CITY: New York  STATE: NY  ZIP CODE: 10015

I HEREBY ACKNOWLEDGE EXPENDITURE OF THE AMOUNT TO BE DEDUCTED FROM MY INMATE ACCOUNT.

APPROVED: _____ (SOURCE AREA)  DATE: 5/19/15
APPROVED: _____ (BUSINESS OFFICE)  DATE: 5/20/15
(INMATE SIGNATURE): _____

FORM 2706 (7/11)   Original - Business Office   Yellow - Approving Office   Pink - Inmate

---

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
DISBURSEMENT OR REFUND REQUEST

CELL LOCATION

NAME: _____ DATE: May 19th, 20 15

CODE TYPE: [ ][ ][ ]    INMATE NUMBER: [1][1][A][1][7][4][7]    "SHORT NAME": [ ][W][C][ ]
FIRST INITIAL / FIRST 3 OF LAST NAME

CHECK/ORDER NUMBER: [ ][ ][ ][ ][ ][ ][ ]
RIGHT ADJUSTED WITH LEADING ZEROS

COMMISSARY PRODUCT GROUP: [ ]    AMOUNT $: [ ][ ][ ][ ][6][1]

SENT TO CODE (SEE TABLE B-6): [ ]    ITEM DESCRIPTION: _____

SENT TO OR PURCHASE FROM:
LAST NAME: _____  FIRST NAME: _____  MI: _  SUFF: _
ADDRESS: _____  APT. NO.: _
CITY: New York  STATE: NY  ZIP CODE: _____

I HEREBY ACKNOWLEDGE EXPENDITURE OF THE AMOUNT TO BE DEDUCTED FROM MY INMATE ACCOUNT.

APPROVED: _____ (SOURCE AREA)  DATE: 5/19/15
APPROVED: _____ (BUSINESS OFFICE)  DATE: 5/20/15
(INMATE SIGNATURE): _____

FORM 2706 (7/11)

NEW YORK STATE SUPREME COURT
APPELLATE DIVISION: FIRST JUDICIAL DEPARTMENT
27 Madison Avenue
New York, NY 10010

<u>Motion Clerk</u>: Mr. Lester Dickinson, Esq.

RE: <u>People v. Carl Douglas Wells</u>,
     [Ind. No's <u>6549/06</u> & <u>0041/07</u>]...

Subject: Letter Response, Dated: May 19th, 2015, to the
         People's "Answering Defendant's Brief and <u>Pro Se</u>
         Supplemental Brief." Dated; May 2015, by "<u>ADA's</u>,
         <u>Susan Gliner</u>; <u>Grace Vee</u>; And <u>Vincent Rivellese</u>...

SIRS/MADAMS:
AND: Hon. Lester Dickinson:

1. The New York County District Attorney's Office, Staff and Honorable, <u>Cyrus R. Vance, Jr.</u>, including prior ADA's, and Hon. <u>Robert Morgenthau</u>, collectively, intentionally suppressed favorable evidence, which is material to both, "<u>Guilt</u> and <u>Punishment</u>, in bad faith, moreover, also continues, over and over again.

2. This conviction has been obtained through use of knowingly <u>false</u> and <u>perjured</u> testimony and cannot be permitted to stand; including; <u>forged documentation</u>.

3. The New York County District Attorney's Office has <u>intentionally</u>, including the Court, '<u>concealed impeaching evidence</u> against one of its <u>Chief Witness's</u> and <u>prosecutor</u>; ADA <u>Michael Fistel, Esq.</u>, and The Bronx arresting Officer, <u>Chan Pauleen</u>, Rank (PO), Shield: <u>25232</u>, Command <u>40th Precinct</u>, Tax (ID) 929874000, Date of Arrest 12/08/06.

[SEE; <u>U.S. v. Mele</u>, 462 F.2d 918 (2d Cir. 1972); <u>U.S. v. Keogh</u>, 391 F.2d 138 (2d Cir. 1968); <u>U.S. ex Rel. Meers v. Wilkins</u>, 326 F.2d 135 (2d Cir. 1964); And, <u>U.S. v. Kyle</u>, 297 F.2d 507 (2d Cir. 1961)].

4. This prosecution was botched long ago and the New York County District Attorney, including the lower court simply refused to except this reality thereby, continuing to try to '<u>use</u>', '<u>eat</u>', '<u>poisoned apples</u>' that are being obtained from a '<u>dying tree</u>'!

5. This intentional request for adjournments, delaying this pro-se and Direct Appeal, without his consent, just to include more, false and manufactured statements, also excuses, constitutes bad faith. . . This Appeal has now become a botched appeal. This Court has been disrespected at the hands of New York County District Attorney's Office. Why? To deny this defendant-appellant his United States Constitutional Right to Due Process of Law, also Civil Rights. [42 U.S.C.A. §1983].

6. In their newest attempt to deny appealable relief to this defendant-appellant, the violations of; <u>conspiracy and obstruction of justice</u>.

<u>First</u>: "<u>The Concealment of Impeaching Evidence</u>."

[SEE: page: (85) of the People's "Brief for Respondent."]

The People continue to present false statements that are known to be false. As the "<u>Deferring Prosecution Affidavit</u>" is not '<u>Validly Completed</u>' nor signed by, Wayne Gosnell, Jr., Bronx County D'A.

7. <u>The People wrote, once again</u>, in their May 2015 Appellate Opposition that, "<u>Bronx Prosecutor Wayne Gosnell, Jr.</u>, agreed, and he 'signed an "Affidavit in Support of Declining/Deferring Prosecution", dated December <u>8th</u>, 2006." Id. page (85).

[SEE: Exhibit (A): Cont'd, Hearing Transcript. Dated:

Nov. 24th, 2008 (Carro, J.) pages; (1, 24, 25, 26 & 29).

Quoting from: Page # (24) Lines 21 through 24): "Mr. Wells; Bushnell, I need to call him now, not only that I have a signature on a defendant prosecution form and it's not completed." Also see; page (25) (Lines, 1 through 22).

Quoting from: Page (26) (Lines, 1 through 3).

> "THE COURT: Do you want to be heard on that one?"
>
> "MR. FISTEL: Your honor, I don't believe that there is any basis for the purpose of this hearing for Mr. Bushnell to be called. I don't believe, I'm trying to remember, on the date of the incident, I don't believe that I spoke to Mr. Bushnell." Id.

8.  Secondly, which the People ran from in their May 2015 brief, the concealment of the blog and fact that Mr. Fistel was fired! Or was he? Who's speaking in the Blog? [Anonymous Prosecutor]!

### POINT ONE

APPELLATE COUNSEL, ROBERT S. DEAN, ESQ., OF THE CENTER FOR APPELLATE LITIGATION, 120 WALL STREET, 28th FLOOR, NEW YORK, N.Y. 10005, HAS DENIED THIS DEFENDANT-APPELLANT, "EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL BY:

(1): MISREPRESENTATION OF FACTS TO THIS COURT AND WITHIN THEIR BRIEF FOR DEFENDANT-APPELLANT DATED: JANUARY 2014; AND

(2): FAILURE TO ADEQUATELY INVESTIGATE, N.Y. COUNTY COURT RECORDER, MR. DANIEL KOCHANSKI'S DECEMBER 17th, 2008, TRANSCRIPTION.

9.  (See; People v. Bachert, 69 N.Y.2d 593 (1987); People v. Rivera, 71 N.Y.2d 705, 709 (1988); People v. Stultz, 2 N.Y.3d 277, 284 (2004); People v. Townsley, 20 N.Y.3d 294, 298 (2012); Also See; (Murray v. Carrier, 477 US 478, 488 (1986). The defendant-appellant respectfully ask this Court to see,

3

Page (33) of Robert S. Dean's, "Brief for Defendant-Appellant". Quoting: [Footnotes]:

"TRANSCRIPTS WERE MISSING FROM APRIL 30th, 2008, OCTOBER 14th, 2008, AND DECEMBER 17th, 2008.* THE DECEMBER 17th 2008, MINUTES WERE ULTIMATELY PRODUCED."

The defendant-appellant argues that, December 17th, 2008 minutes are not produced, and are still missing, moreover, could not be produced. Therefore, summary reversal is still required.

(See: People v. Rivera, 39 N.Y.2d 519; People v. Montgomery, 24 N.Y.2d 130; Mayer v. City of Chicago, 404 US 189; Draper v. Washington, 372 US 487, and, People v. Wealer, 57 N.Y.2d 214. To allow Meaningful Appellate Review, the State must provide the defendant with "A Record of Sufficient Completeness" to permit proper consideration of the defendant's appellate claims.

10. It does not matter at this present stage, whether the "Negligence of Court Stenographer's" in failing to transcribe adequate minutes, were the result of either, negligence. (See: Waterman v. State, 19 A.D.2d 264 (1963); also see: 35 Misc.2d 954), or intentional manufactured transcribing, the December 17th, 2008, Transcript is "Invalid on it's Fact". Moreover, an impossibility.

[SEE: EXHIBIT (B)] [3 of 3 PAGES] December 17th, 2008 Transcript, signed by: Daniel Kochanski Senior Court Recorder, with fax numbers and dates of, June 11th, and 17th, 2012. Including, the name, 'Heather Kochanski', next to fax Number.

11. First, they have the wrong name in title, "CHARLES" Wells.

Secondly, Daniel Kochanski was not employed on the date of this faxed document, June 17th, 2012, and June 11th, 2012.

Third, [See: Exhibit (C)] "Affidavit by Denise M. Huntington, Senior Court Recorder, dated: "8/31/12".

If these transcripts where not available in August of 2012! How

4

were they fax to, from: Ms. Heather Kochanski, fax # "732-640-0414"? (See; Exhibit [C]), Quoting:

> "I was unable to locate any stenographic notes or completed transcripts for the date of, 12-17-08".

12. The defendant-appellant has pending litigation in the, New York State: Court of Claims. [Wells v. State, Claim #125441]. It has come to the attention through various "press releases", etc., that Mr. Daniel Kochanski was fired in March of 2012. Therefore, any signature on a transcript, found and transcribed after this date would make any document, "Invalid on its Face".

[See; New York Post, News paper article dated, April 3rd, 2014, by Staff Reporter, Ms. Rebecca Rosenberg, and, New York Times article dated; April 3rd, 2014, by Staff Reporter Mr. James C. McKinley, Jr. The reporter wrote, inter-alia, in March 2012, Mr. Kochanski was fired for typing, "I Hate My Job" in transcripts of various defendant's trials. Also that he was an alcoholic etc... Moreover, the delay of this appeal, including claimed, missing notes/also etc., resulted from an affidavit dated, "9/27/11" by; Leslie Greaves, Court Reporter Office, which stated, inter-alia, that "Mr. Kochanski has not been present at work since, March 17th, 2011." This affidavit, alternately resulted into the need for a reconstruction hearing in Sept. of 2012. The focus was changed from Daniel Kochanski, to "Lost Banker Boxes", "the entire Court File"! Yet, the original focus is and always has been, Daniel Kochanski. [See; Exhibit (D)]; letter to "Motions Attorney, Appeals Bureau, New York County District Attorney's Office, 1 Hogan Place, NY, NY 10013, dated; March 29th, 2012", from Appellate Counsel, Robert S. Dean, Esq., concerning the "Affidavit by Leslie Greaves, also the December 17th, 2008 transcripts and, Daniel Kochanski.

## CONCLUSION

13. This Court can find a more complete account of the News articles from a brief on appeal, just filed by, Atty.: Anant Kumar, of the Office of the Appellate Defender, (See;

People v. Cesar Zuniga, N.Y. County Appeal)...

This Court has also ruled, in its Affirmance on, May 24, 2012, People v. Wells, ___ A.D.3d ___ (BX County); that the suppression hearing should have been granted since the arrest was a sham, same documents, same motion and arguments in both Manhattan and Bronx Counties. This Court should reverse Judge Carro's denial of the Dunaway/Wade/Huntley, and remand for a new ruling.

Yours, Etc.

Carl D. Wells, (pro se).

TO: Hon. Cyrus R. Vance, Jr., Esq.
    New York County District Attorney

    Ms. Claudia Trupp, Esq.
    Appellate Counsel

GREEN HAVEN CORRECTIONAL FACILITY
594 ROUTE 216
STORMVILLE, NY 12582

U.S. Courthouse
Southern District of New York
Chambers 15-cv-658
Hon. James L. Cott
(U.S.M.J)
500 Pearl Street
New York, NY 10007

Legal Mail